**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO LEYBA,

    Petitioner,

No. C 05-1744 PJH

v.

**ORDER FOR FURTHER BRIEFING RE: PETITIONER'S REQUEST FOR STAY TO EXHAUST CLAIMS IN STATE COURT**[1]

D.L. RUNNELS, Warden,

    Respondent.

_____/

    State prisoner Antonio Leyba ("Leyba") seeks federal habeas relief pursuant to 28 U.S.C. § 2254. His timely petition, filed with this court on April 26, 2005, raises two claims for relief – one that is exhausted, and the other unexhausted. Leyba also filed with his petition on April 26, 2005, an application to hold the instant petition in abeyance pending exhaustion of the unexhausted claim in state court.

    Leyba is correct that the United States Supreme Court recently held in *Rhines v. Weber* that a district court may hold in abeyance a "mixed" habeas petition including both exhausted and unexhausted claims. *See* 125 S.Ct. 1528, 1533 (2005). However, what Leyba ignores in his application for an abeyance is the Supreme Court's determination that "stay and abeyance should be available only in limited circumstances" where: (1) the petitioner has shown good cause for his failure to exhaust the claims prior to filing his federal petition; (2) the unexhausted claim(s) are not "plainly meritless;" and (3) the petitioner has not engaged in "abusive litigation tactics or intentional delay." *See id.* at 1535-36. In so holding, the

---

[1] Pursuant to Civil Local Rule 7-13, this order may not be cited except as provided by Civil Local Rule 3-4(e).

Supreme Court noted that:

> Stay and abeyance, if employed too frequently, has the potential to undermine the[] . . .purposes [of AEDPA's statute of limitations]. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining habeas proceedings by decreasing a petitioner's incentive to     exhaust all of his claims in state court prior to filing his federal petition.

*Id.* at 1534.

Here, Leyba notes that he is currently litigating the unexhausted claim in state court habeas proceedings, and that he should be granted a stay pending conclusion of the state court proceedings. Again, Leyba fails to mention that he filed the state habeas petition on April 25, 2005, *one day prior to filing the instant federal habeas petition and one day prior to expiration of AEDPA's statute of limitations.* Leyba does not explain his delay in instituting the state habeas proceedings or his failure to raise the unexhausted claim previously in his direct appeal before the state courts. Following *Rhine*, such explanation is essential to this court's evaluation of the propriety of an abeyance. *See id; see also Pace v. DiGuglielmo*, 2005 WL 957194 at *5 (U.S. Sup. Ct. April 27, 2005) (reiterating holding in *Rhine*, and noting that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court").

## CONCLUSION

For the reasons discussed above, Leyba is ORDERED to file a supplemental brief and/or declarations demonstrating GOOD CAUSE for his request for a stay of the instant petition pending state court proceedings. Lebya shall file the brief **no later than 14 days from the date of this order.** The court will rule on Leyba's request for a stay following its consideration of the supplemental brief and any supporting declarations.

**IT IS SO ORDERED.**

Dated: May 4, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge