**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO LEYBA,

    Petitioner,

v.

D.L. RUNNELS, Warden,

    Respondent.
_____/

No. C 05-1744 PJH

**ORDER GRANTING PETITIONER'S REQUEST FOR STAY WHILE EXHAUSTING CLAIM IN STATE COURT**[1]

    State prisoner Antonio Leyba ("Leyba") seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Leyba was convicted by a jury in the Superior Court for Monterey County of one count of first degree drive-by murder, one count of shooting at an occupied motor vehicle, one count of discharging a firearm from a motor vehicle, three counts of second degree robbery, and several firearm and gang enhancements. The state trial court sentenced him to sixty-six years to life imprisonment.

    Leyba's timely habeas petition, filed with this court on April 26, 2005, raises two claims for relief – one that is exhausted, and the other unexhausted. The first claim, which Leyba has exhausted, is that the state trial court violated his due process rights by permitting the jury to convict him solely on the basis of uncorroborated testimony of accomplices who had received favorable deals from the state. Leyba's second claim, which is currently on review in state habeas proceedings, is that new evidence, the testimony of Leyba's co-defendant, Carlos Lubo, demonstrates that Leyba did not fire the fatal shot, and is innocent.

---

[1] Pursuant to Civil Local Rule 7-13, this order may not be cited except as provided by Civil Local Rule 3-4(e).

Leyba also filed with his petition on April 26, 2005, an application to hold the instant petition in abeyance pending exhaustion of the unexhausted claim in state court. On May 4, 2005, this court ordered Leyba to supplement his request for an abeyance with a showing that he is entitled to one pursuant to the United States Supreme Court's recent decision in *Rhines v. Weber*. *See* 125 S.Ct. 1528, 1533 (2005).

Based on Leyba's supplemental brief and declaration filed May 18, 2005, the court finds that Leyba is entitled to a stay to exhaust the unexhausted claim. First, because the claim is based on evidence recently discovered by Leyba, he has shown good cause for his failure to raise the claims before the state courts prior to filing his state habeas petition on April 25, 2005, one day prior to filing the instant federal habeas petition and one day prior to expiration of AEDPA's statute of limitations. Second, based on the record before this court, the unexhausted claim does not appear to be "plainly meritless." Finally, given the circumstances outlined by Leyba in his supplemental brief, particularly that he investigated the unexhausted claim, and unlike the petitioner in *Rhines*, filed his state habeas petition prior to initiating the instant proceedings, this court does not find that he engaged in "abusive litigation tactics or intentional delay."

## CONCLUSION

Leyba's request for abeyance pending exhaustion of his second claim is GRANTED. Because of this court's concern regarding excessive delay, the stay, however, is not without limits. The stay is subject to the following condition:

(1) Leyba must return to this court to amend the instant petition within 30 days after the state courts have completed their review of his claim, and include with that amendment a copy of the state court's decision.

If Leyba fails to satisfy this condition, this court may vacate the stay *nunc pro tunc* and act on the instant petition. If Leyba's petition for state habeas relief is unsuccessful, this court will issue an order to show cause upon Leyba's notification of this court.

The clerk shall administratively close this case. The closure has no legal effect; it is

2

purely a statistical matter.  The case will be reopened and the stay vacated upon notification by petitioner in accordance with the condition above.

**IT IS SO ORDERED.**

Dated: May 23, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge